227 So.2d 746 (1969)
Sheila C. WILLIAMS, Appellant,
v.
Billy J. WILLIAMS, Appellee.
No. 69-128.
District Court of Appeal of Florida. Second District.
November 5, 1969.
Rehearing Denied November 20, 1969.
*747 William Lamar Rose, Fort Myers, and Loyd Mosley, Clearwater, for appellant.
William H. Shields of Pavese, Waldorf, Shields & D'Alessandro, Fort Myers, for appellee.
McNULTY, Judge.
Plaintiff-husband sued appellant-wife for divorce. In his complaint he alleged that appellant was "a fit and proper person to have custody" of the three-year-old child of the parties, and prayed that appellant-wife be given the custody of said child. A default was taken on the aforesaid complaint, and the proceedings thereafter proceeded ex parte.
A stipulation entered into by the parties was filed in which it was agreed that appellant wife should have the care and custody of the minor child, with reasonable rights of visitation in the father. The only parol testimony in the final hearing was presented by the husband and his sister, the corroborating witness. Appellant-wife was not present at the final hearing and was not represented by counsel.
The husband testified that he wanted a divorce because his wife wanted to marry another man. His sister testified to the same thing but, further, opined that the child would be better off with her father because the wife leaves the child with anyone who will take care of it when she goes out and meets her boyfriend. At the end of the hearing the following colloquy occurred between the court, plaintiff, plaintiff's counsel and the witness:
"COURT: Do you want the baby?
PLAINTIFF: Yes, sir, I'd love to have the baby.
COURT: Okay, we're going to give the baby to you.
MR. JOHNSON: I feel Your Honor, that before we take this action we should give the defendant notice and have her present her side.
COURT: She can present it in a petition for modification.
MR. JOHNSON: I'm sure she could present testimony that she was a good mother.
PLAINTIFF: She loves the baby, I'm sure of that, but  I just don't know.
WITNESS: She's a good mother but I don't know 
MR. JOHNSON: Your Honor, may I question my own witness?
COURT: No, I won't let you cross examine your own witness. If they want any change on this they'll have to file a petition for modification. You tell her *748 you didn't have nothing to do with it. This is me."
Whereupon, the court granted the divorce to appellant and awarded him custody of the minor child. The court did not make an express finding of unfitness as against appellant wife. We reverse.
In the first place, a defendant who suffers a default to be entered against him without responding to the plaintiff's initial pleading, can only be said to have admitted the well-pleaded facts and to have acquiesced in the relief prayed for.[1] Here the plaintiff-husband neither pleaded facts sufficient to warrant an award of custody of the child to him, nor prayed for such relief. He merely prayed for divorce and pleaded grounds. Therefore, without notice to appellant-wife, in which other operative facts are pleaded or additional relief sought, no relief can be granted consequent upon her default other than that originally prayed for.[2] Otherwise, there would be a fatal departure from due process.
Secondly, the law is clear in this state that other things being equal, the mother is the fit and proper person to have custody of minors of tender years.[3] The record is devoid in this case of any evidence or finding that the circumstances of the parties are sufficiently unequal to warrant departure from this rule.
Accordingly, the judgment appealed from, as to the granting of custody of the minor child of the parties to the husband be, and the same hereby is, reversed; and the cause is remanded with directions to amend said judgment awarding custody of said child to appellant.
Reversed.
PIERCE, Acting C.J., and MANN, J., concur.
NOTES
[1] See, 19 Fla.Jur., Judgments and Decrees, § 301.
[2] Id.
[3] See, e.g., Hutchins v. Hutchins (Fla. App.2d 1969), 220 So.2d 438.