341 So.2d 240 (1976)
BAY PRODUCTS CORPORATION, D/B/a Tiffany Motor Cars, Appellant,
v.
Dr. Richard WINTERS, Appellee.
No. 76-957.
District Court of Appeal of Florida, Third District.
December 23, 1976.
Leo Greenfield, North Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, and Larry D. Parks, Coral Gables, for appellee.
Before PEARSON and HENDRY, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellant, defendant below, takes an interlocutory appeal from two orders of the lower court, dated May 19, 1976. The first order denied appellant's motion to vacate a default which was entered against it on May 4, 1976. The second order granted a partial final judgment in favor of appellee, plaintiff below.
Appellee ordered an antique automobile kit from appellant. Appellee, after tendering full payment to appellant, allegedly did not receive a full and complete kit. After *241 unsuccessful attempts to rectify the situation, appellant filed a three count complaint. Count I sought specific performance of the contract through the delivery of whatever additional parts allegedly were missing. Count II alternatively sought damages in the sum of the original contract price. Count III was grounded in fraud and deceit and sought both compensatory and punitive damages.
On April 9, 1976, service of summons and complaint was had upon appellant. On May 4, 1976, a default judgment was entered. On May 11, 1976, appellant filed its motion to set aside the default along with an answer, affirmative defenses and affidavit of its corporate president alleging excusable neglect. The motion was denied and partial summary judgment was subsequently entered on May 19, 1976.
From the above orders, denying appellant's motion to set aside the default and granting appellee's motion for partial final summary judgment, this interlocutory appeal follows.
Appellant's first basic contention is that the lower court abused its discretion in denying appellant's motion to vacate the default judgment. Inherent in appellant's contention is the claim that service on the corporation was in violation of Section 48.081, Florida Statutes (1975), and as a result of this allegedly improper service, the papers were misplaced and were only rediscovered subsequent to the entrance of the default. Appellant's president, by way of affidavit filed in support of appellant's motion to vacate the default, stated that upon his later discovery of the papers, he diligently sought the aid of an attorney who thereupon filed the aforementioned motion to set aside the default. Appellant argues that because of the improper service and its diligent, though untimely, attempt to correct the situation, the lower court erred in refusing to set aside the default.
Initially, after reviewing the aforementioned corporate service statute, Section 48.081, Florida Statutes (1975), we hold that service was validly effectuated upon appellant-corporation. In addition, it has long been the law and we have recently so held that the granting of relief from a default rests in the sound judicial discretion of the trial judge. Acme Fast Freight, Inc. v. Bell, 318 So.2d 212 (Fla.3d DCA 1975). Our Supreme Court has stated that:
"The exercise of discretion by a trial judge who sees the parties first-hand and is more fully informed of the situation, is essential to the just and proper application of procedural rules. In the absence of facts showing an abuse of that discretion, the trial court's decision ... must be affirmed." Farish v. Lum's Inc., 267 So.2d 325 (Fla. 1972).
We find no such facts evidencing any abuse of discretion on the part of the trial judge and therefore we affirm his decision denying appellant's motion to set aside the default.
On the other hand, there is merit in appellant's contention that the trial judge erred in entering a partial final judgment in favor of appellee. The judgment entered by the trial judge awarded appellee the specific performance relief prayed for in Count I of its complaint, or, in the alternative, damages in the sum of the purchase price of the automobile kit, as sought in Count II. Additionally, the partial final judgment ordered that a hearing be held to determine any compensatory and punitive damages to be awarded in accordance with Count III, fraud and deceit.
We believe that in so ordering, the trial judge violated Fla.R.Civ.P. 1.500, Defaults and Final Judgments Thereon, 31 Fla. Stat. Ann. 12 (1967), in that Count I did not state a cause of action for specific performance under Florida law, nor did Count III state a cause of action for fraud and deceit.
Florida law is such that despite the entrance of a default judgment against a defendant, only well-pleaded facts are admitted as true and only relief sought under those well-pleaded facts may be awarded to a plaintiff. Williams v. Williams, 227 So.2d 746 (Fla.2d DCA 1969); see also 19 Florida Jurisprudence § 301, Pleadings (1958). For *242 a valuable discussion of this principle of law, see Nishimatsu Construction Co., Ltd. v. Houston National Bank, 515 F.2d 1200 (5th Cir.1975), wherein the court, interpreting Federal Rule 55, the counterpart of Florida Rule 1.500, stated, inter alia, that:
"The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law ... [and] On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." Supra, at 1206.
In addition, we find that in alternatively awarding appellee the full contract price, the court in effect deprived appellant of its right to present evidence in mitigation of the damages. We note that the pleadings and briefs allege that only a portion of the kit was not delivered. As such, we believe that a hearing should be held to determine appellee's actual damages. See Robbins v. Thompson, 291 So.2d 225 (Fla.4th DCA 1974).
Accordingly, after considering the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, we conclude that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the order of partial final judgment is vacated and set aside and the cause remanded for further proceedings not inconsistent with this opinion. The order denying appellant's motion to vacate the default is affirmed.
Affirmed in part; reversed and remanded in part.