350 So.2d 548 (1977)
Joseph HAUSER, Appellant,
v.
DR. CHATELIER's PLANT FOOD COMPANY, INC., and Equitable Health Corporation of America and Farmers Financial Corporation, Appellees.
No. 76-2019.
District Court of Appeal of Florida, Second District.
October 5, 1977.
Rehearing Denied November 1, 1977.
*549 Gary Kalos of Merlin & Horowitz, Miami, for appellant.
Lawrence Klepetko of Lyle, Skipper, Wood & Anderson, St. Petersburg, for appellees.
SCHEB, Judge.
The trial court entered final judgment after default against appellant/garnishee without first receiving evidence of any indebtedness from garnishee to the judgment debtors. The garnishee appeals. We reverse.
After obtaining a judgment for $185,959 against Equitable Health Corporation of America and Farmers Financial Corporation, appellee Chatelier moved for a writ of garnishment against appellant Joseph Hauser. Chatelier's one-sentence motion for the writ did not allege the amount of the garnishor's claim, nor otherwise comply with the requirements of Section 77.03, Florida Statutes (1975). The writ, as issued by the clerk, was substantially as required by Section 77.04, and required the garnishee to respond as to whether or not he was indebted or held any property belonging to the judgment debtors. Default was entered against Hauser on November 12, 1976, for his failure to respond.
On November 19, 1976, final judgment was entered against him for $185,979.50, representing the total amount of Chatelier's judgment against the two judgment debtors, plus court costs. At the time the final judgment was entered, the following relevant documents were before the court: proof of service on Hauser; default entered by the clerk; an affidavit from appellee's counsel concerning service of the writ; and a motion by appellee's counsel for final judgment as authorized by Fla.R.Civ.P. 1.500(e), relating to default judgments.
Fla.R.Civ.P. 1.500(e) provides:

Final Judgment. Final judgments after default may be entered by the court at any time but no judgment may be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator or other representative who has appeared in it or unless the court has made an order under Rule 1.210(b) providing that no representative is necessary for the infant or incompetent. If it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter to enable the court to enter judgment or to effectuate it, the court may receive affidavits, make references or conduct hearings as it deems necessary and proper and shall accord a right of trial by jury to the parties when required by the Constitution or any statute. (Emphasis supplied.)
Since there were no allegations in the writ or in any pleading, affidavit, or other document upon which the court could have predicated a final judgment against Hauser, we think it was necessary here for the trial court to have received evidence pursuant to the italicized portion of the rule, concerning the existence and amount of any debt owed by Hauser to the judgment debtors. Hauser merely by suffering a default against the writ did not admit any ultimate facts on which a judgment could have been based. Bay Products Corp. v. Winters, 341 So.2d 240 (Fla.3d DCA 1976); Williams v. Williams, 227 So.2d 746 (Fla.2d DCA 1969). Accordingly, Chatelier has not established any rights whatsoever to the garnishee's assets.
*550 Appellee attempts to sustain the judgment against Hauser on the basis of Section 77.081, Florida Statutes, which provides:
Default; judgment (1) If the garnishee fails to answer as required, a default shall be entered against him. (2) On the entry of judgment for plaintiff, a final judgment shall be entered against the garnishee for the amount of plaintiff's claim with interest and costs. No final judgment against a garnishee shall be entered before the entry of, or in excess of, the final judgment against the original defendant with interest and costs... . (Emphasis added.)
We think that Section 77.081 and Rule 1.500(e) do not conflict but rather must be read in pari materia to afford the required due process of law to a defendant whose property is vulnerable to judgment entered by the court.[1] If we did perceive a conflict between the rule and the statute, we would hold that the statute must defer to the rule on this procedural matter. Article V, Section 2(a), Florida Constitution; Section 25.371, Florida Statutes.
Accordingly, the final judgment heretofore entered against garnishee Hauser is vacated and this cause remanded for further proceedings consistent with this opinion.
McNULTY, Acting C.J., and OTT, J., concur.
NOTES
[1] Recent federal and Florida decisions have shown an increasing disposition to afford due process to alleged debtors in judicial proceedings. See North Georgia Finishing, Inc. v. DiChem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975) (invalidating a Georgia statute allowing prejudgment garnishment of a corporation's bank account); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (invalidating the former Florida prejudgment replevin statutes); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) (invalidating a Wisconsin statute allowing prejudgment garnishment of wages); Ray Lein Construction, Inc. v. Wainwright, 346 So.2d 1029 (Fla. 1977) (invalidating Florida's prejudgment garnishment statutes); Unique Caterers, Inc. v. Rudy's Farm Co., 338 So.2d 1067 (Fla. 1976) (invalidating Florida's prejudgment attachment statutes).