371 So.2d 1105 (1979)
SENTRY INDEMNITY COMPANY, Appellant,
v.
Hendricks Enterprises, Appellee.
No. 77-885.
District Court of Appeal of Florida, Fourth District.
June 20, 1979.
James W. Markel and Alan F. Scott, Jr., of Graham, Markel & Scott, Orlando, for appellant.
John A. Baldwin of Baldwin & Dikeou, Fern Park, for appellee.
MOORE, Judge.
This appeal involves the entry of a default judgment in a garnishment after judgment action. We affirm in part and reverse in part.
Subsequent to obtaining a final judgment against the judgment debtor the appellee (hereinafter referred to as garnishor) commenced garnishment proceedings against the appellant (hereinafter referred to as garnishee) by an unsworn motion for writ *1106 of garnishment after judgment. That motion alleged a judgment in the sum of $3,436.15 plus costs of $39.00 and that the garnishor expected to recover the sum of $1,800.00 from the garnishee. A writ of garnishment was duly executed and served upon the garnishee by serving the Insurance Commissioner and Treasurer of the State of Florida who, in turn, forwarded the writ and motion to the garnishee at its Orlando office. An agent of the garnishee received the writ and motion, and not being familiar with this type of process, contacted the attorney for the garnishor. After a few days and receiving no satisfactory reply the agent for the garnishee forwarded the papers to his home office in the State of Wisconsin. The record fails to reflect what transpired between the forwarding of the papers to Wisconsin and the time when the home office was notified that a final judgment had been entered against the garnishee in the total sum of $3,490.15.
The record reflects that the home office of the garnishee was not aware of the garnishment proceedings until February 23, 1977 when correspondence was received from the garnishor's attorney indicating that a final judgment had been entered against the garnishee. The garnishee filed a motion to set aside the default judgment on March 25, 1977 which together with the affidavits attached thereto, indicated a meritorious defense to the garnishment action and alleged excusable neglect in failing to file an appropriate response. The motion to set aside the default judgment was denied on April 18, 1977. It is from the entry of the final default judgment and denial of the defendant's motion to set aside the default judgment that this appeal stems.
The garnishee initially contends that the trial court erred in failing to set aside the default judgment entered against it. A showing of a gross abuse of the trial court's discretion is necessary to reverse a ruling on a motion to vacate and set aside a default. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977); Burbank v. Southland Corp., 345 So.2d 1108 (Fla.1st DCA 1977); Chamberlin v. Mid-Century Insurance Co., 350 So.2d 364 (Fla.2d DCA 1977). In the instant case the record reflects that the garnishee's agent received the writ and motion therefore. After a few days he forwarded the writ to his home office. No effort was made to demonstrate what happened to the writ after it left the agent's office, nor does the record reflect any excuse for the failure to respond within the appropriate time. We hold that the trial court did not err in finding that the garnishee had failed to demonstrate excusable neglect. Thus, there is no showing of a gross abuse of discretion in denying the motion to set aside the default.
We now turn to the final judgment against the garnishee for the full amount of the garnishor's claim against the judgment debtor. In entering the final judgment on default the trial court had before him an unsworn motion for writ of garnishment after judgment, proof of service on the garnishee, a default properly entered by the clerk of the court and the garnishor's unsworn motion for final judgment on default. No evidence was received.
By suffering a default to be entered against him the defaulting party admits only the well pleaded facts and acquiesces in the relief sought. Williams v. Williams, 227 So.2d 746 (Fla.2d DCA 1969); Bay Products Corp., v. Winters, 341 So.2d 240 (Fla.3d DCA 1976). See also, Hauser v. Dr. Chatelier's Plant Food Co., Inc., 350 So.2d 548 (Fla.2d DCA 1977). Unlike the well reasoned opinion in Hauser, supra, the motion for writ of garnishment and the writ here each specified the sum of $1,800.00 as that sought by the garnishor from the garnishee. That was the amount for which the garnishee suffered a default, and by so doing, admitted was due and owing to the judgment debtor. Under these circumstances we hold that $1,800.00 was "the amount of the plaintiff's claim" as that term is used in Section 77.081, Florida Statutes (1977) and the trial court erred in entering final judgment in excess of that amount plus interest and costs.
*1107 Accordingly, the order denying the motion to set aside the default is affirmed; the final judgment is reversed; and this cause is remanded with instructions to enter judgment in favor of the garnishor in the amount of $1,800.00 plus interest and costs.
AFFIRMED in part; REVERSED in part; REMANDED.
LETTS and BERANEK, JJ., concur.