ERVIN, Judge,
concurring and dissenting.
I concur with the majority’s opinion affirming the orders of the trial court, except the affirmance of those orders which permanently enjoined the operation of defendants’ business as a public nuisance and found defendants guilty .of indirect criminal contempt. As to the former order, the court entered a permanent injunction after default had been entered. On appeal, defendants challenge the lower court’s finding that the business of Health Clubs constituted a nuisance and could not be operated as a legitimate business without committing certain acts of lewdness, i. e., masturbation for compensation. The majority’s opinion suggests that the trial court’s finding, upon the entry of default, is binding on appeal *1177 regardless of the complaint’s allegations. The majority states that certain of the Fourth District’s opinions[1], holding that only illegal conduct which is separable from legal conduct in a business enterprise may be enjoined, have no application here because appellants were unable to demonstrate they could operate the club legitimately. The majority, erroneously under the circumstances I think, places the burden on defendants — not the plaintiff — to establish that the business could be legitimately operated. While the rule is that a defaulting party may not on appeal “ ‘challenge the sufficiency of the evidence, [he] is entitled to contest the sufficiency of the complaint and its allegations to support the judgment.’ ” Bay Products Corp. v. Winters, 341 So.2d 240, 242 (Fla. 3d DCA 1976). Thus a defaulting party admits only well-pleaded facts and is accountable to the other party only for the relief requested under such facts. See Williams v. Williams, 227 So.2d 746 (Fla. 2d DCA 1969); Bay Products Corp. v. Winters, supra, at 241; Sentry Indem. Co. v. Hendricks Enterprises, 371 So.2d 1105 (Fla. 4th DCA 1979).
The relief granted under the pleaded facts was, in my judgment, overbroad, because neither the allegations in the complaint nor the affidavits attached to it sup- . ported the court’s finding that the health club could not be operated legitimately. In addition to alleging specific acts of lewdness, the complaint alleged legitimate activities by employees, such as their sponge bathing customers and permitting them to ride exercise cycles, take a sauna or shower.
The relief granted should have been limited only to the specific acts alleged to constitute a nuisance — not the entire business of the health club. The order should be particularized, especially where some activities are proper, and confined only to unlawful activity. An injunction should never be broader than is necessary to give the injured party the relief warranted under the circumstances of the case. Moore v. City Dry Cleaners and Laundry, 41 So.2d 865 (Fla.1949); Florio v. State, 119 So.2d 305 (Fla. 2d DCA 1960).
The majority’s opinion does not recite the circumstances leading up to the judgment of indirect criminal contempt, which I also believe was wrongfully entered. The state’s petition for rule to show cause requested the court to issue an order requiring the defendants to “show cause [why] they should not be attached for civil contempt . .” for violating the court’s temporary injunction (e. s.). While the court’s order to show cause did not distinguish between civil and criminal contempt, it directed that a copy of the petition and affidavit be attached to the order and served upon defendants.
At the outset of the hearing, appellants’ counsel complained that the order was insufficient to place appellants on notice that the issues would be directed to criminal as well as civil contempt and requested a continuance. The motion was denied. Later, the court entered separate judgments finding appellants guilty of both civil and criminal contempt. It is clear that procedural due process safeguards were not accorded the individual appellants. See Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977), where the court stated that if a trial court can reasonably anticipate that conduct is of such a nature as will invoke the criminal contempt powers of the court, “procedural due process of law demands that the proceedings be conducted in conformity with Fla.R.Crim.P. 3.840.” Id. at 426. Moreover, the sufficiency of notice in a rule to show cause involving criminal contempt is judged by standards of criminal law. Deter v. Deter, 353 So.2d 614, 618 (Fla. 4th DCA 1977). Accord, Aaron v. State, 284 So.2d 673 (Fla.1973).
The point was appropriately raised below, but it was not argued in appellants’ brief [2], *1178 although it was argued orally before the court. While assignments of error are no longer demanded, Fla.R.App.P. 9.040(e), appellant’s brief is required to contain “[ajrgument with regard to each issue.” Rule 9.210(b)(4). And, even in the absence of a rule requiring that errors be assigned, professional advocacy necessitates that errors relied on for reversal should be stated in the brief, with the points argued. See Anderson v. State, 215 So.2d 618 (Fla. 4th DCA 1968). I think the due process question should be considered, even in the absence of alleged error, because I believe it to be one of fundamental dimension which goes to the very foundation of the case. See Clark v. State, 363 So.2d 331, 333 (Fla.1978). The procedure authorized by the lower court is similar to a situation where a defendant is sued for damages in a complaint alleging civil trespass, yet finds himself at the conclusion of trial convicted of criminal trespass. In my view, fundamental principles of due process demand that the conviction be set aside.
I concur in the majority’s affirmance as to the remaining points raised.

. Health Clubs, Inc. v. State ex rel. Eagan, 338 So.2d 1324 (Fla. 4th DCA 1976); Health Clubs, Inc. v. State ex rel. Eagan, 377 So.2d 28 (Fla. 4th DCA 1979).

. The only point raised in appellants’ brief relating to the criminal contempt judgment was the court erred in issuing the temporary injunction when no evidence was presented showing the individual defendants’ relationship to the corporation.