JOANOS, Judge.
This appeal involves the procedural aspects of post-judgment writs of garnishment. International Travel Card [“ITC”], the appellant/judgment debtor, challenges the trial judge’s failure to hear its motion to dissolve a writ of garnishment. The trial judge had concluded that ITC’s motion to dissolve should be denied because it was not served within the time required by § 77.-07(2), Florida Statutes (1979). Having summarily disposed of ITC’s motion to dissolve, the court then granted the motion of R. C. Hasler, Inc. [“Hasler”], the appellee/judgment creditor, for final judgment of garnishment. Based upon our interpretation of § 77.07(1) and (2), we reverse and remand for reconsideration of the motion to dissolve the writ of garnishment.
On July 16, 1980, after entry of a final judgment in favor of Hasler and against ITC in the amount of $17,291, Hasler filed a motion for garnishment after judgment. Hasler alleged that (1) the final judgment had not been satisfied; (2) ITC did not have in its possession visible property on which a levy could be made; (3) Hasler had reason to believe that the South East Bank of Jacksonville [“Bank” or “garnishee”] had in its control or possession goods, monies, or chattels belonging to ITC; (4) the property sought to be garnished was not of a type which would be subject to exemption and (5) the Bank was indebted to ITC. The garnishee Bank answered on July 22, 1980 admitting that it was indebted to ITC in the amount of $21,968.78. The next day, July 23rd, Notice of Writ and Garnishee’s Answer was served on ITC by Hasler.[1] On July 24th, Hasler moved for final judgment against the garnishee Bank.
ITC filed a motion to dissolve the writ of garnishment on August 11, 1980 — 19 days after it received notice of the writ but 26 days after the writ was served on the garnishee. In the motion, ITC denied the allegations in paragraphs (2), (3) and (5) of Hasler’s motion for garnishment. (See the summary of Hasler’s motion in the previous paragraph.) In addition, ITC alleged that the sum of $21,968.78 referred to in the Answer of Garnishee was not owned by ITC nor owed to ITC by the Bank.
 The trial judge did not reach the merits of ITC’s motion. Instead, the Court found that the motion was untimely under § 77.07(2). Despite the facial applicability of subsection (2), the trial judge’s summary dismissal of ITC’s motion with no provision for a hearing on the merits conflicts with subsection (1) of § 77.07. These two subsections provide:
(1) The court to which a garnishment is returnable shall always be open for hearing motions to dissolve the garnishment.
*217 (2) On motion by defendant served within 20 days after service of the writ stating that any allegation in plaintiff’s motion for the writ is untrue, this issue shall be tried, and if the allegation in plaintiff’s motion which is denied is not proved to be true, the garnishment shall be dissolved.
Since garnishment is a remedy which has been legislatively created the statute (Chapter 77) must serve as primary guidance for any decision on the appropriate procedure for obtaining or challenging a writ of garnishment. Unfortunately, Chapter 77 does not lend itself to ease of interpretation and we are forced to deal with sections which, at first glance, seem to be inconsistent or, redundant.
The statutory procedure for post-judgment garnishment involves primarily the judgment creditor (described in the statute as the “plaintiff”) and the garnishee. The judgment debtor (or “defendant”) plays a very limited role in the proceedings. Under ordinary circumstances, the writ is served on the garnishee, the garnishee answers, and the plaintiff replies. §§ 77.04; 77.061. If no reply is filed, judgment of garnishment may be entered on the garnishee’s answer. § 77.083. A default judgment may be awarded if the garnishee fails to answer. § 77.081. Nowhere is any provision made for service of the writ on the judgment debtor. The only notice requirement is set forth in § 77.06(2), which provides that where the garnishee is a bank, as in this case, notice of the writ and the garnishee’s answer must be served on the judgment debtor. There is no similar provision when a non-bank garnishee is involved under the apparent assumption that the debtor will learn of the garnishment when he or she does not receive the property held or money owed by the garnishee. See Brown v. Liberty Loan Corp., 539 F.2d 1355 (5th Cir. 1976).
Despite the limited participation of the judgment debtor in the procedure for procurement of the writ, the debtor is given the right to challenge the writ under § 77.07. As set forth earlier, subsection (1) gives the debtor an unqualified right to be heard at any time on a motion to dissolve the garnishment. Subsection (2), on the other hand, places a 20 day time limit after “service of the writ” on a challenge to the judgment creditor’s motion for a writ. If such a challenge is made, subsection (2) requires the disputed allegation to be tried.
Hasler argues, in essence, that if a challenge under § 77.07(2) is “untimely,” then a judgment debtor forfeits the right to make a later challenge on the same grounds in a motion to dissolve under § 77.07(1). In addition, Hasler contends, and the trial judge agreed, that the 20 day time period of § 77.07(2) begins to run when the writ is served on the garnishee, not when the defendant receives notice of the writ. ITC contends that § 77.07(2) should not be interpreted to place restrictions on a debtor’s rights under subsection (1), particularly if the 20 day time period is not construed to run from the debtor’s notice of a writ of garnishment. To require a debtor to file an objection within 20 days of service of the writ on the garnishee would mean that, in most circumstances, the time would run out before the debtor is aware that a garnishment proceeding has been instituted. Even where the statute requires that some notice be given to the debtor, the stated time for service of notice is not linked to service of the writ on the garnishee; the 20 day time period could end before any notice is given under § 77.06(2).
We do not believe that § 77.07(2) was intended to place a time limit on a debtor’s ability to challenge a garnishment proceeding, particularly when the debtor may not have notice of the garnishment. One interpretation of § 77.07(2) argued by ITC is that the 20 day time period runs from service of notice of the writ on the judgment debtor. There are two difficulties with this interpretation. First, the statute only requires that a debtor receive notice in limited circumstances, while the language of § 77.07(2) does not suggest such limited applicability. Second, § 77.07(2) states that the debtor’s motion must be filed within 20 days of “service of the writ.” Under the *218 scheme of Chapter 77 there is no provision for service of the writ upon the judgment debtor; even § 77.06(2) only requires service of notice of the writ. Both of these inconsistencies can be regarded as confusion created by unclear draftsmanship. A different interpretation, however, presents a more serious problem. To construe § 77.-07(2) to require a debtor to file his motion within 20 days of service of the writ on the garnishee would mean that the statute would have no practical application. Any debtor could be foreclosed from using the statute if the judgment creditor never gives notice of the writ or delays giving notice. Therefore, in any case where notice is required (as in this case), the 20 day time period of § 77.07(2) begins to run when the debtor is served with notice of the writ.[2] In all other cases, the statute has no application and the debtor is free to challenge the writ under the provisions of § 77.07(1).
Because ITC’s motion under § 77.07(2) was timely, this cause is REVERSED and REMANDED for further proceedings consistent with this opinion.
SHAW, J., and MASON, ERNEST E. (Retired) Associate Judge, concur.

. Chapter 77 provides for notice of the writ of garnishment and the garnishee’s answer to be served upon the post-judgment debtor in only one circumstance: when a “bank or other financial institution authorized to accept deposits” is the garnishee. § 77.06(2), Fla.Stat. With any other type of garnishee, notice to the judgment debtor is not statutorily required.

. Since the debtor in this case received notice under the provisions of § 77.06(2) we do not need to resolve the question of whether notice to a post-judgment debtor should be required under standards of due process.