## ATLANTIC NATIONAL BANK OF FLORIDA v. TRUMBORE and FIRST AMERICAN BANK OF PALM BEACH COUNTY as Garnishee and ATLANTIC NATIONAL BANK OF FLORIDA v. TRUMBORE, et ux. and FIRST AMERICAN BANK OF PALM BEACH COUNTY as Garnishee

Case Nos. M82-1952-S and M-81-12017-S

County Court, Palm Beach County

December 12, 1984

### APPEARANCES OF COUNSEL

**Maro and Johnstone, P.A.,** and **Robert M.W. Shalhoub** for plaintiff.

**Henry P. Ruffolo** for defendant, William Trumbore.

**Daniel S. Draper** for garnishee.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

These cases came before the Court on December 7, 1984, on defendant William Trumbore's motions to dissolve writs of garnishment.

In each case plaintiff caused a writ of garnishment to be served on garnishee. In each case the garnishee bank filed an answer to the writ, admitting some indebtedness to defendant. Notwithstanding the gar-

nishee's listing of defendant's address in its answer, plaintiff failed to serve upon defendant the notice required by Section 77.06(2) Florida Statutes (1983). Defendant bases his motions to dissolve solely upon plaintiff's failure to comply with the notice provisions of Section 77.06(2) Florida Statutes (1983).

As a general proposition, Chapter 77 Florida Statutes does not require notice to the defendant to effectuate a writ of garnishment. Section 77.06(2) Florida Statutes carves an exception to this general rule by requiring notice of the writ and the garnishee's answer to be served on the defendant when the garnishee is a "bank or other financial institution authorized to accept deposits." A defendant has twenty (20) days after such service within which to file a motion to dissolve the garnishment writ. Section 77.07(2) Florida Statutes (1983); *International Travel Card Inc. v. R.C. Hasler, Inc.*, 411 So.2d 215 (Fla. 1st DCA 1982). The grounds for a defendant's motion to dissolve are contained in Section 77.07(2). Once a defendant has made a 77.07(2) challenge to the truthfulness of an allegation contained in a plaintiff's motion for writ of garnishment, the burden is on the plaintiff to prove the "grounds upon which the writ was issued." Section 77.07(1) Florida Statutes (1983).

Taken against this statutory framework, the notice provision of Section 77.06(2) Florida Statutes is meant to ensure the defendant's knowledge of the garnishment proceeding in those situations where a bank is the garnishee. The notice provisions do not have any impact on a plaintiff's entitlement to reach debts subject to garnishment. Therefore, a plaintiff's failure to serve Section 77.06(2) notice on the defendant cannot form the basis for dissolution of the garnishment writ. Rather, such an omission would preclude the entry of a final judgment in garnishment until such time as the plaintiff complies with Section 77.06(2).

In the case at bar, defendant had actual notice of the garnishment writs. Defendant has raised no grounds for dissolution other than the failure to serve the required notice. Accordingly, it is:

ORDERED AND ADJUDGED that the defendant's motions to dissolve writs of garnishment are denied.