FRANK, Judge.
..The Department of Health and Rehabilitative Services has appealed from an order finding that the appellee, Alphonso Ralph Williams, was not the natural father of Porshea Keenan, one of Sharon R. Keenan’s two children. We reverse.
This lawsuit was instituted by HRS upon a verified complaint, accompanied by affidavits executed by Sharon Keenan, alleging that Williams was the father of her two children — Porshea and Rashad. Williams failed to answer and a default was entered and HRS moved for the entry of final judgment. At the hearing, however, which Williams failed to attend, Keenan stated that she had not carefully read the complaint and the affidavits and that Williams was in fact the father only of Porshea. Her attorney requested that the allegations concerning Rashad be stricken and that a judgment of paternity be entered only as to Porshea.
The transcript reveals that the trial judge was disturbed by the discrepancy between Keenan’s testimony and the sworn documents and he found her not to be a credible witness. Thus, he refused to enter a final judgment of paternity.
Williams’ failure to appear operated as an admission of the well-pleaded facts in the complaint and as acquiescence in the prayed for relief. Williams v. Williams, 227 So.2d 746 (Fla. 2d DCA 1969). Although Keenan admitted error in verifying that Williams had fathered Rashad, she did not waver in her assertion that Williams was, indeed, only Porshea’s father. Her testimonial admission, under oath, concerning Rashad was certainly against her own interest and in no way prejudiced Williams. All of the elements required for the entry of a default judgment were present, and the substantial, competent evidence that Williams had fathered Porshea remained uncontroverted. We hold, therefore, that the trial court abused its discretion by failing to enter a default judgment against Williams finding that he was the father of Porshea Keenan.
The order under review is reversed and this cause is remanded for the entry of final judgment consistent with this opinion.
RYDER, A.C.J., and HALL, J., concur.