698 So.2d 254 (1997)
BellSOUTH ADVERTISING & PUBLISHING CORP., Petitioner,
v.
SECURITY BANK, N.A., Respondent.
No. 89311.
Supreme Court of Florida.
August 21, 1997.
*255 Howard W. Mazloff of the Law Offices of Howard W. Mazloff, P.A., Miami, for Petitioner.
J. Michael Fitzgerald and Roberto J. Diaz of Fitzgerald & Portuondo, Coconut Grove, for Respondent.
PER CURIAM.
We have for review Security Bank, N.A. v. BellSouth Advertising & Publishing Corp., 679 So.2d 795 (Fla. 3d DCA 1996), based upon express and direct conflict with the opinions in International Travel Card, Inc. v. R.C. Hasler, Inc., 411 So.2d 215 (Fla. 1st DCA 1982), Sentry Indemnity Co. v. Hendricks Enterprises, 371 So.2d 1105 (Fla. 4th DCA 1979), and Hauser v. Dr. Chatelier's Plant Food Co., 350 So.2d 548 (Fla. 2d DCA 1977). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
BellSouth Advertising & Publishing Corporation obtained a judgment against Garfield & Associates for $36,576. Garfield was a customer of Security Bank. BellSouth served Security Bank with a writ of garnishment, seeking any of Garfield's funds that the bank was holding. BellSouth obtained a default judgment against Security Bank after the bank failed to answer the writ of garnishment. Without further notice to Security Bank, the trial court entered an ex parte final judgment in favor of BellSouth for $36,576 (the same amount as BellSouth's underlying judgment against Garfield). The trial court conducted no hearing as to damages. Several days after the judgment was filed, Security Bank filed a motion to set aside the final judgment against it on the grounds that its failure to timely answer was based on excusable neglect and that it held only $374.21 belonging to Garfield. The trial court denied the motion to set aside the final judgment. Security Bank appealed to the Third District Court of Appeal.
On appeal, the district court affirmed in part and reversed in part. The district court affirmed the trial court's refusal to set aside the default on liability because the facts constituting excusable neglect were only set forth in an unsworn motion and were unsupported by affidavit or other proof. Security Bank, 679 So.2d at 798. However, the district court determined that Security Bank's motion should have been granted insofar as it sought to set aside the final judgment on damages. The district court concluded that the writ of garnishment sought to recover an unliquidated sum from Security Bank in that it sought to obtain whatever money Garfield had on deposit with the Bank. Id. The district court found that section 77.06(1), Florida Statutes (1995),[1] only allowed BellSouth *256 to satisfy its judgment against debtor Garfield by garnishing any of Garfield's money or property held by the garnishee bank. Thus, the district court concluded that final judgment could not be entered against the garnishee bank after default without notice of trial on damages. Id. at 799-800. BellSouth had argued that on default section 77.081(2), Florida Statutes (1995),[2] creates a penalty so that the garnishee becomes liable for the full amount of a plaintiff's underlying judgment against the original defendant. Id. at 800-01. However, the district court found section 77.081(2) only applicable to prejudgment garnishment and further concluded that when this section is read in pari materia with the rest of the garnishment statute, it was clear that Security Bank's liability in default could not exceed the amount prescribed in section 77.06(1). Id. at 801. Judge Jorgenson dissented from the majority's decision regarding damages because he found the amount of damages to be "fully liquidated" based upon the fact that the writ of garnishment included a clear statement of the amount of the judgment against Garfield. Id. at 804-05 (Jorgenson, J., dissenting).
This Court accepted review on the basis of conflict withInternational Travel Card, Sentry Indemnity, and Hauser on the issue of whether section 77.081(2) applies to a postjudgment writ of garnishment. In the instant case, the district court specifically held that the statute applies only to a prejudgment writ of garnishment. In contrast, the conflict cases apply the statute to postjudgment garnishment without further discussion.
We agree with the district court's interpretation of the garnishment statute. Because the majority opinion below includes a well-reasoned and exhaustive discussion of this issue, we adopt its reasoning as our own. We further agree with the district court that the final judgment against the Bank should have been vacated as to damages. BellSouth's garnishment claim against Security Bank was for an unliquidated sum. Thus, BellSouth was required to give notice of trial on damages and to adduce proof of the amount of Garfield's money held by Security Bank.[3]
Accordingly, we find that section 77.081(2) applies only to a prejudgment writ of garnishment and that a writ of garnishment under chapter 77 asserts a claim for an unliquidated sum. We disapprove the opinions in the conflict cases to the extent that they hold otherwise. We approve the decision below.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, WELLS and ANSTEAD, JJ., concur.
HARDING, J., dissents with an opinion, in which SHAW, J., concurs.
HARDING, Judge, dissenting.
The interpretation of the garnishment statute that the majority adopts renders the default provision a nullity. It is also contrary to the common understanding of Florida's garnishment statute, as evidenced by opinions from other courts. See, e.g., Loftin v. Rush, 767 F.2d 800, 808 (11th Cir.1985) (citing section 77.081 as an example of a statute that renders defaulting garnishee liable for the entire claim of the judgment creditor); Sentry Indemnity Co. v. Hendricks Enters., 371 So.2d 1105 (Fla. 4th DCA 1979) (applying section 77.081 to postjudgment garnishment).
I agree with Judge Jorgenson's dissenting opinion below and endorse his reasoning as the better interpretation of the garnishment statute. Judge Jorgenson makes the following *257 cogent points. The primary purpose of the garnishee's answer to the writ of garnishment is "to establish the garnishee's position on the amount of assets in the garnishee's possession available to satisfy the garnishor's judgment against the defendant." Security Bank, 679 So.2d at 804 (Jorgenson, J., dissenting); accord § 77.06(2), Fla. Stat. (1995). After service of the writ of garnishment, the first thing that should have been established by an answer was the amount of Garfield's money that Security Bank was holding to satisfy the previously liquidated judgment debt against Garfield. The amount of that previous judgment was clearly stated in the writ and motion for writ of garnishment. Without a hearing, the statute limits a judgment to that amount stated in the writ and it is a liquidated sum. It does not become unliquidated simply because the bank refuses to tell how much of the defendant's money it has on deposit. By failing or refusing to answer, Security Bank in essence said, "We are not going to tell you how much we are holding." If a garnishee either fails or chooses not to answer and a final judgment for the stated liquidated sum is not authorized, then the sanction of default is rendered a nullity in garnishment proceedings. Security Bank, 679 So.2d at 804-05 (Jorgenson, J., dissenting).
Security Bank had two opportunities to show why the default judgment should be set aside. In both instances, the bank failed to make the proper showing of excusable neglect. Id. at 797. The facts constituting excusable neglect were set forth in an unsworn motion and were unsupported by any affidavit or other proof. Id. Thus, the trial court properly refused to set aside the default based upon this motion. I would affirm that decision in its entirety.
I respectfully submit that the legislature should review section 77.081 and clarify whether this default provision applies to both prejudgment and postjudgment garnishments. I note that other jurisdictions have enacted statutory schemes that hold a defaulting garnishee liable for the entire amount owed by the judgment debtor. See, e.g., Webb v. Erickson, 134 Ariz. 182, 187, 655 P.2d 6, 11 (1982); Mississippi Action for Community Educ. v. Montgomery, 404 So.2d 320, 322 (Miss.1981); see also Ga.Code Ann. § 18-4-115(a) (1996); N.M. Stat. Ann. § 35-12-4 B (Michie 1978).
It has been suggested that this is a case of first impression for this Court. However, I am convinced that it is only a case of first impression because only the court below has read the garnishment statute to require notice of a hearing on damages after a default where the amount of the judgment against the defendant is clearly stated in the writ.
SHAW, J., concurs.
NOTES
[1] Section 77.06, Florida Statutes (1995), specifies the effect of a writ of garnishment. The statute provides in pertinent part:

(1) Service of the writ shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer.
[2] Section 77.081, Florida Statutes (1995), provides:

(1) If the garnishee fails to answer as required, a default shall be entered against him or her.
(2) On the entry of judgment for plaintiff, a final judgment shall be entered against the garnishee for the amount of plaintiff's claim with interests and costs. No final judgment against a garnishee shall be entered before the entry of, or in excess of, the final judgment against the original defendant with interest and costs. If the claim of the plaintiff is dismissed or judgment is entered against the plaintiff the default against garnishee shall be vacated and judgment for garnishee's costs entered.
[3] We do not address the other issue raised by BellSouth.