PER CURIAM.
The law firm of Caruana and Lorenzen, P.A. [Caruana] appeals from a non-final order granting in part United Healthcare Insurance Company’s [United] motion to set aside a final judgment in garnishment. We affirm.
Caruana obtained two money judgments against a former client and the client’s professional association. In an effort to collect the two judgments Caruana served a writ of garnishment against United, the client’s insurer. United did not respond after service and Caruana eventually obtained an ex parte final judgment in garnishment against United for the full judgment amount[1] owed to Caruana by the former client, without evidence of the actual amount of the client’s money that was held by United, which then moved to vacate the judgment. The trial court denied United’s motion to vacate as to liability, but did vacate the amount of the judgment.
We find no error in the court’s setting aside that portion of the default final judgment entered against United for the full amount of the underlying judgments. Ca-ruana’s writ of garnishment against United asserted a claim for an unliquidated sum (whatever United was holding for the judgment debtor), thus Caruana was required not only to give notice of trial (which Caruana did), but was required to adduce proof of the amount of the clients’ money held by United[2] (which Caruana did not). See BellSouth Advertising & Pub. Corp. v. Security Bank, N.A., 698 So.2d 254 (Fla.1997), approving Security Bank, N.A. v. BellSouth Advertising & Pub. Corp., 679 So.2d 795 (Fla. 3d DCA 1996).
Affirmed.

. Over $35,000.

. Less than $3,000.