Norene L. **DAVIS, Individually and as next friend of Lyle Davis, a minor, Plaintiff-Appellee,**

v.

**SAFEWAY STORES, INC., et al., Defendants,**

**Pepsi-Cola Metropolitan Bottling Company, Defendant-Appellant.**

No. 75–4232
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 1, 1976.

Rehearing Denied July 21, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409. Part I.

Thomas L. Kelly, Jr., J. Redwine Patterson, Dallas, Tex., for defendant-appellant.

Ronald L. Wilkinson, Dallas, Tex., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellee, individually and as next friend of her minor son, sued appellant and others to recover damages for an eye injury sustained by him when a glass bottle exploded. The lower court granted default judgment against appellant and awarded damages. We affirm liability but reverse as to damages.

## I. Default Judgment

Appellant's registered agent was served with process on August 18, 1975, and the agent forwarded a copy to appellant on August 21. But though appellant, pursuant to the terms of its liability insurance policy, promptly mailed a copy to its insurance carrier, which received it on August 25, no answer was filed by September 25, when the lower court gave default judgment for appellee. Appellant challenges the lower court's refusal to set aside that judgment under Fed.R.Civ.P. 60(b), which permits a court, in its discretion, to relieve a party from a final judgment on grounds of mistake, inadvertence, surprise, or excusable neglect. We find no abuse of discretion here.

The lack of communication between defendant and its insurance company for three weeks after the latter had received a copy of the complaint suggests an absence of minimal internal procedural safeguards. This we found sufficient to uphold a lower court's refusal to set aside a default judgment in *Baez v. S. S. Kresge Co.*, 518 F.2d 349 (5th Cir. 1975) (per curiam) (copy of complaint sent by registered agent and received by home office in ample time but lost in the mail en route to local counsel). Appellant offers no explanation or excuse for its default. We cannot say the trial court's discretion was abused.

## II. *Damages*

■ Appellant challenges the sufficiency of evidence supporting the lower court's award for past and future medical expenses. The court awarded appellee $1,089 for past medical expenses, based solely on copies of the medical bills and on statements in affidavits by plaintiff and her son concerning the nature of the injury and the amount charged, without any proof that the charges made were reasonable. Since the law in Texas[1] and elsewhere[2] requires proof that the amount charged was reasonable, the damages awarded for past medical expenses cannot stand.

■ The lower court also awarded appellee $10,000 for future medical expenses, based solely on statements and affidavits by plaintiff and her son that they anticipated future medical expenses of $3,000. This evidence on future expenses obviously cannot support such an award.

■ In addition to past and future medical expenses, the lower court awarded $100,000 as compensatory damages for the personal injuries to appellee's son and $5,000 for the parent's loss of her child's services. Appellant does not challenge these awards. Thus, the only errors are in the damages awarded for medical expenses, and a new trial limited to a redetermination of those two items of damages[3] will be granted unless appellee agrees to a remittitur[4] of all damages in excess of $105,000.

REVERSED and REMANDED, with instructions.

woven that an error on the latter may have affected the factfinder's determination of the former. And often the various elements of damages will be so intermingled that the total amount of damages awarded will not be capable of segregation into its various component parts by the appeals court. But in this case, the judge clearly separated the amounts he awarded for each element of damages, and only the elements of medical expense are assailed before us, so we need not order a redetermination of the entire amount.

---

1. See, e. g., *Dallas Ry. & T. Co. v. Gossett,* 156 Tex. 252, 294 S.W.2d 377, 382–83 (1956); *Allright, Inc. v. Lowe,* 500 S.W.2d 190, 191–92 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). *See also S. Pac. R. R. v. Montalvo,* 397 F.2d 50, 52–53 (5th Cir. 1968).

2. See 25 C.J.S. Damages § 91(3) (1966).

3. Rule 59(a), Fed.R.Civ.P., permits the granting of a new trial limited to part of the issues, but it must clearly appear that these issues are "separate from the other issues in the case and . . . did not affect the determination of the other issues . . .." 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2814, at 93 (1973). *See Gasoline Prods. Co. v. Champlin Ref. Co.,* 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188, 1191 (1931); *Vidrine v. Kansas C. S. Ry.,* 466 F.2d 1217, 1221 (5th Cir. 1972). Both the trial court and the appellate court can order a partial new trial. C. Wright & A. Miller, *supra* at 98. Sometimes the issues of liability and damages are so inter-

4. An appellate court that finds a verdict excessive may give plaintiff the choice between a new trial and a remittitur in a specified amount. C. Wright & A. Miller, *supra* § 2820, at 133.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.