EXIMCO, INC., et al.,
Plaintiffs-Appellants,

v.

The TRANE COMPANY and Shepherd
Sales & Service, Inc.,
Defendants-Appellees.

No. 82–3591.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1984.

Rehearing and Rehearing En Banc
Denied Jan. 24, 1985.

Manufacturer's application for rehearing granted and judgment of District Court

---

affirmed; distributor's petition for rehearing and rehearing en banc denied.

MacAllynn J. Achee, Baton Rouge, La., for plaintiffs-appellants.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Howard E. Sinor, Jr., David G. Radlauer, Charles W. Lane, III, New Orleans, La., for Trane Co.

Stone, Pigman, Walther, Wittmann & Hutchinson, Phillip A. Wittmann, James C. Gulotta, Jr., New Orleans, La., for Shepherd.

ON PETITION FOR REHEARING

(Opinion July 30, 1984, 5th Cir.1984, 737 F.2d 505).

Before TATE, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:

Trane, in its application for rehearing, vigorously contests our conclusion that the district court abused its discretion in granting a new trial on the liability issue of Eximco's breach of contract claim. This application for rehearing has caused us to focus more carefully on whether the liability and damage issues are so interwoven and interrelated that the damage issue cannot be independently submitted to the jury without confusion and uncertainty. Because a second jury charged with determining damages, would be unaware of how the first jury found that Trane breached its contract with Eximco, we are now persuaded that the district court did not abuse its discretion in ordering a new trial on both liability and damages.

Trane contested the existence of a contract and the individual terms of the contract as well as whether it breached any of these alleged terms. The specific commitments which Eximco claimed were made and breached by Trane were primarily in the following areas:

1) Eximco contended that Trane agreed to permit Eximco to stock and distribute Trane airconditioning units in South Louisiana. According to Eximco, Trane agreed that Eximco could act as distributor for commercial as well as residential airconditioning units at a fair competitive price. Eximco contended that Trane violated this agreement in several ways:

a) Trane refused to allow Eximco to sell large commercial units because of complaints Trane received from its agent, Shepherd;

b) contrary to the fair pricing agreement, Trane sold units through Shepherd cheaper than Eximco could purchase them.

2) Eximco contended that Trane breached several promises designed to assist Eximco in the sales and service of units to be sold by Eximco. These included:

a) failure to assist in Eximco's sales effort;

b) failure to make Eximco a parts dealer and furnish parts to Eximco;

c) failure to furnish warranty cards to document warranty rights of Eximco's customers.

3) Eximco contended that Trane agreed to extend a $400,000 credit line and allow Eximco 120 days following shipment of merchandise from the factory for Eximco to pay for such merchandise. Eximco argued that the reduction of the credit line below $400,000 was the final breach that put Eximco out of business.

■ Even if we infer from the jury's general verdict in favor of Eximco a conclusion that Trane's breach of contract forced Eximco out of business, this fact alone will not permit the jury to assess Eximco's loss of profits from the breach.

■ It is axiomatic that breach of contract damages are designed to place the parties in the same position they would have been in if the contract had not been breached. *Hemenway Co. v. Bartex Inc. of Texas*, 373 So.2d 1356, 1359 (La.App. 1979).

As demonstrated below, it is apparent that the amount of profit lost by Eximco is closely related to the individual breaches it claims Trane committed:

1) If the jury accepted Eximco's contention that Trane's breach prevented it from selling large commercial units, it is at least arguable that this would bar Eximco from a large segment of the market and materially increase Eximco's lost profits;

2) If Trane breached its agreement to furnish parts to Eximco and make Eximco a parts dealer, Eximco has a potential claim for profits it could have earned on the sales of those parts.

3) Eximco's profit may also have been related to the credit line Trane agreed to furnish. The higher the credit limit and the more favorable the terms of payment, the more units Eximco could potentially stock and sell and, assuming a given profit per unit, the gross profit would correspondingly increase.

■ The district court enjoys wide discretion to grant a new trial and the order granting a new trial will only be disturbed if that broad discretion is abused. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927 (5th Cir.1982); 11 Wright & Miller Fed. Prac. & Proc. § 2814 at 92 (1977). The Supreme Court in *Gasoline Products v. Champlin Refining Co.*, 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931) established the rule that even when only one issue is tainted by error or prejudice, a new trial must nevertheless be granted on all issues "unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Id.* at page 500, 51 S.Ct. at 515. *See also, Davis v. Safeway Stores*, 532 F.2d 489, 491, n. 3 (5th Cir. 1976).

■ When the decision of the district court to grant a new trial on all issues is viewed in light of the interdependence between the individual contractual breaches and the determination of damages, we are persuaded that it did not abuse its discretion.

In the retrial of Eximco's breach of contract claim against Trane, the jury found that Trane had not breached its contract with Eximco. Our earlier disposition of this case made it unnecessary for us to consider the following errors Eximco complains of in the second trial:

1) The district court erred in denying Eximco's motion to continue the trial.

2) The district court erred in declining to admit into evidence some of Eximco's proffered damage evidence and in permitting Trane to introduce a chart or summary reflecting the history of the credit account between Eximco and Trane.

3) The special interrogatories posed to the jury were prejudicial to Eximco.

■ Counsel for Eximco moved for a continuance of the trial scheduled to begin on July 16, 1982, on grounds that he had been engaged in a criminal trial in the same court. The criminal trial concluded on June 17, 1982, and the trial in this case commenced on July 20, 1982. Considering that this was a second trial of the same issues and that counsel had more than thirty days after the completion of his criminal trial to prepare for the trial of this case, the district court acted well within its discretion in denying counsel's motion for continuance.

■ Eximco's complaint about the trial court's refusal to admit proffered evidence on the damage feature of its case in the second trial is harmless since the jury did not reach the damage issue. It also is apparent that the trial court did not abuse its discretion in excluding the opinion and summary damage testimony which was proffered without an adequate factual predicate. On the other hand, the summary charts which Trane introduced to show the history of the credit account between Trane and Eximco was supported by underlying documentary evidence and the trial court properly admitted Trane's charts.

■ Eximco complains of special interrogatory No. 2 to the jury which asked: "If the answer to question 1 is yes [was there a contract between Trane and Eximco], then did Trane breach any obligation arising out of the contract with Eximco?" Eximco complains that the interrogatory did not ask whether "Trane, or any of its agents" breached an obligation owed Eximco. The trial court adequately instructed the jury that a corporation can only act through agents and employees. This contention is therefore without merit.

Trane's application for rehearing is therefore granted and the judgment of the district court rendered on the verdict following the second trial is AFFIRMED. Judge Tate adheres to the position expressed in his dissent, 737 F.2d 518, that the district court erred in granting a directed verdict against Eximco on its Robinson-Patman Act claims.

Eximco filed a petition for rehearing en banc which it asks to be treated as a petition for rehearing. We find no merit in the claims Eximco raises for panel rehearing and its petition is therefore DENIED. No member of the panel nor judge in regular

active service of this court having requested that the court be polled on rehearing en banc, Eximco's petition for rehearing en banc is also DENIED.