**TRUSTEE OF the CARPENTERS HEALTH AND WELFARE TRUST FUND OF SOUTH FLORIDA, Plaintiffs,**

v.

**CAULEY CONSTRUCTION CORP., Defendant.**

**No. 87–1923–Civ.**

United States District Court, S.D. Florida.

Aug. 2, 1988.

---

Susan E. Hicks, Kaplan, Sicking & Bloom, P.A., Miami, Fla., for plaintiffs.

C. David Tangora, Fort Lauderdale, Fla., for defendant.

## ORDER DENYING RELIEF FROM JUDGMENT

HASTINGS, District Judge.

THIS CAUSE comes before the Court on Defendant's Motion for Relief from Judgment. After careful consideration of the motion, response and being fully advised, it is

ORDERED that the motion is DENIED for reasons set forth below.

### FACTS

Plaintiff filed its Complaint on October 19, 1987 to collect fringe benefit contributions prescribed by collective bargaining agreements under the Employee Retirement Income Security Act (ERISA), 29 U.S. C. Sections 1132 and 1145. Defendant failed to file an answer or response to the Complaint and Plaintiffs moved for default final judgment. This Court entered final judgment on January 7, 1988. Defendant filed the instant motion for relief from judgment on March 2, 1988.

There is no dispute that Plaintiffs did serve Defendant with process which required Defendant to "answer ... the complaint which is herewith served upon you, within 20 days after service of this summons upon you.... If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint." Docket entry 3, court file. Defendant claims that it contacted Plaintiffs' attorney whose instructions were to contact Plaintiffs' auditors. Plaintiffs, however, recount that they suggested Defendant retain its own counsel. Defendant, through its principal Michael Cauley, believed that by contacting Plaintiffs' auditors, no response to the Complaint was required. Even if Plaintiffs did not advise Defendant to retain an attorney, the command on the summons to answer the Complaint was clear. Michael Cauley's affidavit states, "All meetings with Plaintiff's auditors by Defendant took place during the operative time period when Cauley Construction Corporation could have filed an Answer and Affirmative Defenses, and all meetings took place prior to the period during which Plaintiff could move for default." Defendant's candor only demonstrates that it had the ability to file a response to the Complaint but chose not to do so.

## DISCUSSION OF LAW

■ Defendant moves this Court to set aside the final default judgment pursuant to Fed.R.Civ.P. 60(b) which provides the court with such discretion for reasons of mistake, inadvertence, surprise or excusable neglect. The Eleventh Circuit does not favor dismissals with prejudice where lesser sanctions would "suffice to achieve compliance with court orders and rules, expedite proceedings, and alleviate prejudice to the opposing parties." *Temple v. Dade County Employees Local 1363, et al.,* No. 85–5583, slip op. at 3 [802 F.2d 1397 (table)] (11th Cir. Sept. 16, 1986). In *Temple,* however, the Court of Appeals found that "where the delay is due to the reluctance or dilatoriness of counsel, it is appropriate to consider whether sanctions against the party's attorney" are more appropriate than outright dismissal of the action. *Temple, supra,* slip op. at 3. Here, Defendant corporation failed to retain counsel to protect its interest. Therefore, the final default judgment did not "penalize innocent clients for the forgetfulness of attorneys." *Solaroll Shade and Shutter Corp., Inc v. Bio–Energy Systems, Inc.,* 803 F.2d 1130, 1132 (11th Cir.1986).

The Seventh Circuit, in addressing the issue of whether a default judgment should be set aside stated,

> [T]he ruling on a rule 60(b) motion to vacate a default judgment should depend largely on the willfulness of the defaulting party's actions. Where it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, this circuit has repeatedly upheld the trial court's denial of a rule 60(b) motion.

*C.K.S. Engineers, Inc. v. White Mountain Gypsum Company,* 726 F.2d 1202, 1205 (7th Cir.1984). Here, it was the Defendant, not an attorney, who had control of the situation and could have taken some action to prevent the entry of default and subsequent final default judgment. Instead, Defendant waited almost two months after final judgment was entered before its recently obtained counsel filed the instant motion for relief. This delay further demonstrates Defendant's cavalier attitude toward the judicial process. "Where a defaulting party was aware of or should have been aware of its responsibilities to the opposing party and to the court, and failed to live up to those responsibilities through unexcused carelessness or negligence, the default judgment has been left intact." *C.K.S.,* 726 F.2d at 1206.

Defendant maintains that it believed the matter was being resolved with Plaintiffs' auditors. In *Bieganek, et al. v. Wilson, et al.,* No. 84 C 10899 (N.D.Ill. Oct. 15, 1985) [available on WESTLAW, 1985 WL 3088], the defendant failed to answer or otherwise respond to the complaint and a default judgment was entered.[1] The defendant in *Bieganek* was under the impression that his codefendant's counsel would represent his interests as well. The court found that the Defendant's "failure to respond ... indicate[d] a carelessness which [did] not constitute 'excusable neglect.' within the meaning of Rule 60(b)(1) ... [and] ... he should have been able to take more certain steps toward ensuring his legal representation." *Bieganek, supra,* at 4 and 5. There is a balancing test between "the policy favoring litigation on the merits and the need to promote efficiency in the administration of justice and avoid prejudice to parties who have conducted themselves responsibly." *Bieganek, supra,* at 6. Here, the Defendant's negligence is inexcusable, as its actions were in violation of the summons. At the very least, Defendant should have requested an extension of time to respond to the Complaint. This action would have alerted Plaintiffs to Defendant's conversations with the auditors and perhaps this matter could have been resolved without court intervention. This course was not taken, however, and the facts weigh in favor of denying the motion for relief from judgment.

---

1. The court in *Bieganek* was uncertain as to whether the default was merely an entry of default or a final default judgment, but declared that its opinion would not be different in either circumstance for the purposes of the motion to set aside judgment.

## REMAINING MOTIONS

Plaintiffs have requested an award of their attorney's fees incurred in responding to the instant motion. "[T]he decision whether to grant a motion to amend a judgment rests within the sound discretion of the trial judge." *Barnes v. Southwest Forest Industries*, 814 F.2d 607, 611 (11th Cir.1987). Upon review of the response, it is this Court's opinion that additional attorney's fees are not warranted, particularly since Plaintiffs have already achieved their primary purpose in attaining a favorable final judgment. Therefore, the motion to amend judgment to add attorney's fees is DENIED.

Defendant also filed a motion for protective order and/or motion for stay of proceedings to enforce judgment. Based upon this Court's findings above, the motion is DENIED.