UNITED STATES for and on Behalf of TARMAC FLORIDA, INC., et al., through its Assignee, Charles BRAZNELL, Plaintiff's Assignee,

v.

EMPLOYERS INSURANCE OF WAUSAU, etc., et al., Defendants.

No. 87–6818–CIV–JAG.

United States District Court, S.D. Florida, Fort Lauderdale Division.

Feb. 23, 1989.

Jacqueline M. Arango, Kelley Drye & Warren including Smathers & Thompson, Miami, Fla., for garnishee NCNB Nat. Bank of Florida f/k/a Pan American Bank, N.A.

Kenn W. Goff, Welbaum, Zook & Jones, Bayshore Drive, Miami, Fla., for plaintiff's assignee Charles Braznell.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the motion for rehearing and verified motion to set aside the default judgment filed by the garnishee, NCNB National Bank of Florida f/k/a Pan American Bank, N.A.(NCNB). The plaintiff's assignee, Charles Braznell, has filed an opposing memorandum.

On May 31, 1988, a Summons and a Writ of Garnishment were duly served on the Garnishee, NCNB. On June 30, 1988, the assignee, Braznell, filed a Motion for Entry of Default which was duly entered by the Clerk of the Court on July 6, 1988. Thereafter, on July 18, 1988, Braznell filed its Motion for Final Judgment which was granted by this court on August 16, 1988. On August 25, 1988, NCNB filed the present motion to set aside the default.

▮ In order to set aside a default judgment, the applicant must show three elements: (1) excusable neglect for not answering, (2) a meritorious defense, and (3) due diligence in responding after entry of the final judgment. The garnishee has met the last two elements with only the issue of excusable neglect outstanding.

▮ NCNB admits that it received the summons and the writ of garnishment. According to the affidavit of Julie Jenkins, NCNB employees then prepared a "legal transmittal memorandum" and attached the summons and the writ to it. The evident intention was to transfer these documents to their legal counsel. However, nothing was ever done and no answer to the writ of garnishment was timely filed.

While NCNB speculates that it was "clerical error or oversight" which resulted in no answer being filed, the bank admits that the real cause was, in their words, "simple human error".

Unfortunately for the garnishee, a general allegation of human error does not constitute excusable neglect. If this excuse was adequate to set aside default judgments, the courts would have no choice but to grant such relief in every case and the societal interest in final decisions would be undermined.

To constitute excusable neglect, the defaulted party must provide specific facts to support a general allegation of human error. In this case, NCNB's only stated contention is that the error was caused by clerical mistake. However, unlike the decisions cited by the garnishee, the bank fails to allege any *facts* to support such an allegation. In *Sentry Indemnity Company v. Hendriks Enterprises*, 371 So.2d 1105 (Fla. 4th DCA 1979), a garnishee moved to set aside a default judgment after it failed to timely answer a writ of garnishment. In facts similiar to the case at bar, the garnishee admitted receiving the writ and contended that it was then forwarded to its home office. As noted by the trial court, "The record fail[ed] to reflect what transpired between the forwarding of the papers to Wisconsin and the time when the home office was notified that a final judgment had been entered against the garnishee." *Sentry Indemnity*, 371 So.2d at 1106. Given this lack of facts, the court denied the garnishee's subsequent motion to set aside the default and the appellate court found no abuse of discretion.

Here, NCNB is not silent, but admits that the writ was never even forwarded to its legal counsel and the documents were allowed to linger in bank files. Indeed, in the other cases cited by the garnishee, the courts which granted motions to set aside default judgments noted that specific facts had been shown to justify the claim of excusable neglect. *See County National Bank of North Miami v. Sheridan*, 403 So.2d 502 (Fla. 4th DCA 1981) (writ reached bank attorney whose secretary, due to sudden illness, failed to set up a file and calendar the garnishment proceeding for a proper response); *Edwards v. City of Fort Walton Beach*, 271 So.2d 136 (Fla.1972) (complaint was buried under pile of documents when it was forwarded to insurer who was executing a nationwide change in

its claim processing procedures); *Florida Aviation Academy, Dewkat Aviation, Inc. v. Charter Air Center, Inc.,* 449 So.2d 350 (Fla. 1st DCA 1984) (inexperienced legal secretary failed to calendar the time for filing an answer to the complaint).

It should also be noted that this is not a case of secretarial error in filing the document. The Julie Jenkins affidavit does not claim that the writ was misfiled. Indeed, NCNB admits that "A copy of the 'legal transmittal memorandum' and writ of garnishment is retained in NCNB's files."

The court is aware of the strong interest in resolving disputes on their merits, not by a strict policy of allowing default judgments. However, there is an equally compelling interest in the finality of litigation for the parties and society, whose scarce resources are depleted by endless litigation.

Finally, the garnishee appeals to this court's sense of fairness. The bank argues that, "Forcing NCNB to be liable for a judgment that is rightfully owed by another party when NCNB's involvement is merely as an innocent stake holder would be too severe a punishment in this case for simple human error."

Contrary to well established and commonly known banking practices, this court frequently does excuse human error and human frailty.

One can easily imagine a scenario, however, where Mr. I.M. Forgetful makes a late payment to his bank on his home mortgage. Unlike the law, which listens to and allows for human weakness, a bank's most common response is to charge late payment penalties, fees, assess additional interest, and occasionally threaten acceleration of the entire debt plus attorneys' fees and costs. Should Mr. I.M. Forgetful appeal to the bank's sense of fairness to excuse his late payment on the basis of human error, the bank's inevitable response is: "We're very sorry, Mr. Forgetful—but we have our rules."

This court is also sorry—but it too "has its rules." [1]

Accordingly, it is hereby

ORDERED AND ADJUDGED that the garnishee's motion for rehearing is GRANTED. Upon reconsideration, it is hereby ordered that the motion to set aside the default judgment filed by the garnishee, NCNB, is DENIED.

DONE AND ORDERED.

---

1. To demonstrate that this is not a newly adopted position by this court, *see Winter Park Arms, Inc. v. Akerman,* 199 So.2d 107 (Fla. 4th DCA 1967) (Gonzalez, J.).