See also 148 F.R.D. 295.

**INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, Plaintiff,**

v.

**James F. MORRISON and Nan P. Morrison, Defendants/Third–Party Plaintiffs,**

v.

**REALCORP INVESTORS I, LTD, an Illinois limited partnership, Allen M. Perres, individually, William E. Dec, individually, Edward F. Niziol, individually, and Lasalle National Bank, a national banking institution, Third–Party Defendants.**

**No. 91–988–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

March 16, 1994.

Elizabeth Lewis Bevington, Holland & Knight, Tampa, FL, for plaintiff.

James Robert Betts, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for defendants.

Michael Lee Gore, Shutts & Bowen, Orlando, FL, for third-party defendant.

*ORDER ON LASALLE NATIONAL BANK'S MOTIONS TO SET ASIDE DEFAULT AND VACATE DEFAULT JUDGMENT*

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Third–Party Defendant's, Lasalle National Bank (Lasalle), motion to set aside entry of default (Docket No. 92) and motion to vacate default judgment (Docket No. 98). Third–Party Plaintiffs (the Morrisons) have timely responded to Lasalle's motion (Docket Nos. 96 and 102).

### FACTS AND PROCEDURE

The underlying cause of action in this case is a complaint filed by Insurance Company of North America (INA) against the Morrisons for indemnification for payments made by INA to Lasalle Bank. The Morrisons entered into a loan agreement with Realcorp for the purpose of buying a "unit" of property. Realcorp assigned the promissory note to Lasalle Bank, with INA as surety for the Morrisons' bond. Meanwhile, the Morrisons decided they did not want a full unit of land, and allegedly agreed with Realcorp that they would purchase ½ unit, and that Realcorp would sell the other ½ unit to another buyer. The crux of the problem that ensued is that any payments made by the purchaser of the other ½ unit were not applied to the Morrisons' account, and INA, under the surety bond, made the payments. They now sue for the amount of those payments plus interest.

More than one year after the Morrisons answered INA's original complaint, the Morrisons filed a motion to add parties (Docket No. 38), which was denied by this Court as untimely (Docket No. 57). Pleadings and discovery continued until four days before the scheduled trial, when INA's attorney advised the Morrison's attorney that she had just received documents from INA which might be relevant to the Morrisons' defense. Based on those documents, the Morrisons requested a continuance of the trial and re-opening of discovery (Docket No. 76). This Court granted the Morrisons' motion for continuance, allowed discovery to be re-opened until further order, and allowed the Morrisons to file third-party claims (Docket No. 82).

The cause considered in this order is Count IV of the Morrisons' third-party complaint alleging that Lasalle was negligent in its handling of the Morrisons' account, causing INS to indemnify purported payment shortfalls. The Morrisons filed their third-party complaint on October 1, 1993 (Docket No. 84), and return of service as to Lasalle was filed on October 19, 1993 (Docket No. 85). Lasalle's answer was due on November 3, 1993, but was never filed. The Morrisons then filed a motion for default on January 4, 1994 (Docket No. 88), which was granted by the clerk on January 7, 1994 (Docket No. 90). On January 17, 1994, the Morrisons filed a motion for default judgment against Lasalle (Docket No. 91), which was granted by this court on January 26, 1994 (Docket No. 93).

In between the two motions for default and default judgment, Lasalle filed a motion to set aside default and for leave to file an answer and affirmative defenses (Docket No. 92). In the interim this Court, due to a paperwork snafu, granted Morrisons' motion for default judgment (Docket No. 93) before considering Lasalle's motion to set aside default. Thus, both motions have been reviewed by this Court in consideration of the instant order.

### DISCUSSION

█ Federal Rules of Civil Procedure (FRCP) 55(a) and 60(b) grant the courts discretion in setting aside an entry of default or default judgment. *See also Carpenters Health and Welfare Trust Fund of S. Fla. v. Cauley Construction Corp.*, 691 F.Supp. 333, 334–35 (S.D.Fla.1988). If the movant shows

good cause or excusable neglect, acts promptly, has a meritorious defense, and setting aside the default will not unduly prejudice the nonmoving party, *Boron v. West Texas Exports, Inc.*, 680 F.Supp. 1532, 1536 (S.D.Fla.1988), courts are normally liberal in setting aside or vacating default judgments. *Medunic v. Lederer*, 533 F.2d 891, 893 (3rd Cir.1976).

█ For all practical purposes, good cause and excusable neglect are treated alike under the excusable neglect standard of FRCP 60(b). *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229 (M.D.Fla.1993). *See also* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2694 (1985).

Lasalle's reason for not timely answering the Morrisons' complaint is that the complaint was misrouted from its legal department to the Commercial Loan Department. Lasalle claims that its failure to file a timely answer meets the standard of both good cause and excusable neglect for several reasons: 1) they showed no disrespect for the Court; 2) they showed evidence of respect by acting promptly upon receipt of the entry of default; 3) they did not act willfully or in bad faith in failing to answer timely; and 4) they sent a letter to the Morrisons' attorney regarding their motion to set aside the default, requesting that he call, and that Morrisons' attorney did not respond.

█ However, Lasalle admits that they did not read the Morrisons' complaint, but simply relied on a computer search of the names when they routed the complaint to their Commercial Loan Department. Additionally, when the Commercial Loan Department realized that the complaint was not related to their department, they neglected to return it to the proper department. Clerical error or oversight are not excusable neglect. *Tarmac Florida Inc. v. Employers Ins. of Wausau*, 706 F.Supp. 40 (S.D.Fla. 1989). Furthermore, Lasalle admits that they have no follow-up procedure for actions directed to the Commercial Loan Department. The Eleventh Circuit Court of Appeals has addressed the absence of internal controls when a party fails to file a timely pleading:

Default that is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect.

*Gibbs v. Air Canada*, 810 F.2d 1529 (11th Cir.1987). *See also Davis v. Safeway Stores, Inc.*, 532 F.2d 489, 490 (5th Cir.1976); *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir.1975).

Finally, the Morrisons' provide an affidavit from their attorney regarding a conversation he had with a representative of Lasalle Bank one day before their answer was due. A paralegal from Lasalle called to request an explanation of the substance of the claim, and she received a detailed explanation from the Morrisons' attorney. He also advised the paralegal of the name of their in-house counsel who was familiar with the case, and he agreed to grant Lasalle a reasonable extension to file an answer if he was contacted by counsel for Lasalle by the next day. Lasalle's attorney never responded to this offer.

█ In summary, Lasalle did not read the complaint, and thus misforwarded it to the wrong department. The Commercial Loan Department then failed to return the complaint to the proper department, and this was not discovered because Lasalle does not have procedural safeguards in place to avoid this type of problem. Finally, Lasalle ignored the extension offer from the Morrisons' attorney. This Court is persuaded that Lasalle's conduct does not constitute either good cause or excusable neglect. Accordingly, it is

**ORDERED** that Lasalle National Bank's motion to set aside default (Docket No. 92), and Lasalle National Bank's motion to vacate default judgement (Docket No. 98) be **denied.**

**DONE** and **ORDERED.**