INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, Plaintiff,

v.

James F. MORRISON and Nan P. Morrison, Defendants/Third–Party Plaintiffs,

v.

REALCORP INVESTORS I. LTD, an Illinois limited partnership, Allen M. Perres, individually, William E. Dec, individually, and LaSalle National Bank, a national banking institution, Third–Party Defendants.

No. 91–988–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

June 24, 1994.

Elizabeth Lewis Bevington, Holland & Knight, Tampa, FL, for plaintiff.

James Robert Betts, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for defendants.

Michael Lee Gore, Shutts & Bowen, Orlando, FL, for LaSalle National Bank.

*ORDER DENYING LASALLE NATIONAL BANK'S MOTION FOR LEAVE TO FILE CROSS-COMPLAINT AGAINST PLAINTIFF—INSURANCE COMPANY OF NORTH AMERICA*

KOVACHEVICH, District Judge.

This cause is before the Court on Third–Party Defendant's LaSalle National Bank (LaSalle), motion for leave to file cross-complaint against Plaintiff, Insurance Company of North America (INA). (INA) has timely responded to LaSalle's motion (Docket No. 128).

## I. STANDARD OF REVIEW

 Federal Rule of Civil Procedure (FRCP) 13(g) allows a Third–Party Defendant to enter a complaint against the plaintiff. Rule 42(b) FRCP grants the courts discretion on when to separate trials.

## II. DISCUSSION

 In support of this motion LaSalle offers Rule 13(g), stating this claim arises out of the transaction or occurrence which is subject of the original action brought and thus should be allowed as a matter of law to file the claim. LaSalle's argument is well taken. However, Rule 42(b) grants the courts discretion in deciding whether to separate trials.

The Court has reviewed the motions of both parties and weighed several factors in weighing its decision:

1. The original motions and pleadings in this case date back to 1991 (in excess of three years).
2. No rights of the third-party defendant will be lost if this motion is denied.
3. There exists another forum for this matter to be heard on its merits (let us not forget state court exists).
4. No judicial economy is served by granting this motion.

## III. CONCLUSION

In the present case, the factors considered by this Court weigh heavily in favor of denying Third–Party Defendant's motion for leave to file a cross-complaint. The Court feels that a denial of this motion would help expedite this matter that has been pending for over three years. Accordingly, it is

**ORDERED,** that Third-party defendants motion for leave to file cross-complaint (Docket No. 128) be **denied.**

**DONE** and **ORDERED.**

*ORDER ON LASALLE NATIONAL BANK'S AMENDED MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO SET ASIDE DEFAULT AND MOTION TO VACATE DEFAULT JUDGEMENT*

THIS CAUSE is before the Court on Third–Party Defendant's, LaSalle National Bank (LaSalle), motion to set aside entry of default (Docket No. 92) and motion to vacate default judgment (Docket No. 98). Third–Party Plaintiffs (the Morrisons) have timely

responded to LaSalle's motion (Docket No. 129).

## I. STANDARD OF REVIEW

 The Federal Rules of Civil Procedure (FRCP) 55(a) and 60(b) grant the courts discretion in setting aside an entry of default or default judgment. *See also Carpenters Health and Welfare Trust Fund of S. Fla. v. Cauley Construction Corp.*, 691 F.Supp. 333, 334–35 (S.D.Fla.1988). If the movant shows good cause or excusable neglect, acts promptly, has a meritorious defense, **and** setting aside the default will not unduly prejudice the nonmoving party, *Boron v. West Texas Exports, Inc.*, 680 F.Supp. 1532, 1536 (S.D.Fla.1988), courts are normally liberal in setting aside or vacating default judgments. *Medunic v. Lederer*, 533 F.2d 891, 893 (3rd Cir.1976).

## II. FACTS AND PROCEDURE

The underlying cause of action in this case is a complaint filed by Insurance Company of North America (INA) against the Morrisons for indemnification for payments made by INA to LaSalle Bank. The Morrisons entered into a loan agreement with Realcorp Investors I, LTD (Realcorp) for the purpose of buying a "unit" of property. Realcorp assigned the promissory note to LaSalle Bank, with INA as surety for the Morrisons' bond. Meanwhile, the Morrisons decided they did not want a full unit of land, and allegedly agreed that Realcorp would sell the other ½ unit to another buyer. The crux of the problem that ensued is that any payments made by the purchaser of the other ½ unit were not applied to the Morrisons' account, and INA, under the surety bond, made the payments. They then sued for the amount of those payments plus interests.

More than one year after they Morrisons answered INA's original complaint, the Morrisons filed a motion to add parties (Docket No. 38), which was denied by this Court as untimely (Docket No. 57). Pleading and discovery continued until four days before the scheduled trial, when INA's attorney advised the Morrisons attorney that she had just received document from INA which might be relevant to the case and the Morrisons requested a continuance of the trial and re-opening of discovery (Docket No. 76). This Court granted the Morrisons' motion for continuance, allowed discovery to be re-opened until further order, and allowed the Morrisons to file third-party claims (Docket No. 82).

The cause considered in this order is Count IV of the Morrisons' third-party complaint alleging that LaSalle was negligent in its handling of the Morrisons' account, causing INA to indemnify purported payment shortfalls. The Morrisons filed their third-party complaint on October 1, 1993 (Docket No. 84), and return of service as to LaSalle was filed on October 19, 1993 (Docket No. 85). LaSalle's answer was due on November 3, 1993, but was never filed. The Morrisons then filed a a motion for default on January 4, 1994 (Docket No. 88), which was granted by the clerk on January 7, 1994 (Docket No. 90). On January 17, 1994, the Morrisons filed a motion for default judgment against LaSalle (Docket No. 91), which was granted by this court on January 26, 1994 (Docket No. 93).

In between the two motions for default and default judgment, LaSalle filed a motion to set aside default and for leave to file an answer and affirmative defenses (Docket No. 92). In the interim this Court, due to a paperwork snafu, granted Morrisons' motion for default judgment (Docket No. 93) before considering LaSalle's motion to set aside default. Thus, both motions were reviewed by this court in LaSalle's motion to set aside default and vacate default judgment (Docket No. 104). The matter now under consideration is LaSalle's amended motion for reconsideration of the order denying motion to set aside default and to vacate default judgment (Docket No. 113).

## III. DISCUSSION

In examining whether to grant LaSalle's motion for reconsideration, this Court first looks to see if the standards laid out in *Boron* have been met.

 It has been established that for all practical purposes, good cause and excusable neglect are treated alike under the excusable

neglect standard of FRCP 60(b). *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229 (M.D.Fla.1993). *See also*, 10 C. Wright & A. Miller, Federal Practice and Procedure § 2694 (1985).

■ The third-party defendant argues excusable neglect on the basis of "human error". *Tarmac Florida Inc. v. Employers Ins. Of Wausau*, 706 F.Supp. 40 (S.D.Fla. 1989). Under *Tarmac*, excusable neglect exists if the party provides specific facts to support a general allegation of human error. *Id.* at 41. LaSalle offers no specific facts to support or justify its claim.

■ LaSalle alleges that a mistake led to the misrouting of the complaint to the Commercial Loan Department. It is undisputed LaSalle did not read the Morrison's complaint, but simply relied on a computer search of the names when they routed the complaint to their Commercial Loan Department. Additionally, when the Commercial Loan Department realized that the complaint was not related to their department, they neglected to return it to the proper department. Clerical error or oversight are not excusable neglect. *Tarmac* at 41.

Furthermore, LaSalle admits that they had no follow-up procedure for actions directed to the Commercial Loan Department. The Eleventh Circuit Court of Appeals has addressed the absence of internal controls when a party fails to file a timely pleading:

> Default that is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect.

*Gibbs v. Canada*, 810 F.2d 1529 (11th Cir. 1987). *See also Davis v. Safeway Stores, Inc.*, 532 F.2d 489, 490 (5th Cir.1976); *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir.1975).

LaSalle's motion further asserts that the "paperwork snafu", resulted in LaSalle's inability to fully explain certain aspects of the facts material hereto, and to adequately respond to the matters raised by the Morrison's counsel in opposition to LaSalle's motion to set aside default, as reason and justification for this Court to set aside default and to vacate default judgment.

The Court is not persuaded by this argument. The "paper work snafu" does not provide a basis upon which the relief sought can be granted. This Court's March 15, 1994 Order states LaSalle's motion was reviewed by this Court in consideration of that order. Furthermore, LaSalle's haste in filing and not waiting for the benefit of receipt of the Morrison's memorandum in opposition to setting aside the default (due to be served on February 1, 1994) is not supported by the Federal Rules of Civil Procedure.

LaSalle requests the Court to consider all factors in rendering its decision. However, LaSalle fails to meet the first requirement, and in order to meet the requirements of *Boron*, all factors must be found in the defaulted party's favor to grant the relief sought.

## IV. CONCLUSION

After careful review of the submissions of the parties, the Court is satisfied that the third-party defendant failed to establish and show good cause to vacate the default and/or default judgement. Accordingly, it is

**ORDERED** that LaSalle National Bank's amended motion to set aside default (Docket No. 92), and vacate default judgment (Docket No. 98) be **denied**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of June, 1994.