[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-13817
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 19, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00898-CV-ORL-19-KRS

NATIONAL RAILROAD PASSENGER CORPORATION,

Plaintiff-Appellee,

versus

PATCO TRANSPORT, INC.,

Defendant-
Third-Party Plaintiff-
Appellee,

MANUEL IRIZARRY,

Defendant-Appellee,

versus

DOLLY TRANS FREIGHT,

Third-Party Defendant-
Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(April 19, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellee, National Railroad Passenger Corporation ("Appellee"), brought suit against Appellants, Patco Transport, Inc ("Patco") and Manuel Irizarry ("Irizarry"), under Florida's dangerous instrumentality doctrine and the theory of respondeat superior for damages resulting from a collision on July 13, 2001, between one of Appellee's passenger trains and a 1994 Mack truck beneficially owned by Appellant Patco.

On June 20, 2003, Patco filed a Third-Party Complaint against Dolly seeking indemnification that was served on Dolly on September 24, 2003. The Clerk of Court entered a default judgment on October 31, 2003 due to Dolly's failure to appear or to serve any paper in the action. The district court granted Patco's Motion for Default Judgment and Final Judgment was entered against Dolly in the amount of $232,318.20. The district court denied Dolly's Motion to Set Aside Default Judgment. Dolly brings this appeal arguing that its Motion to

Set Aside Default Judgment should be entered because its failure to reply to the Third-Party Complaint was due to excusable neglect.

We review the district court's denial of a motion to set aside a default judgment for an abuse of discretion. *See Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987). To prevail on its Motion to Set Aside Default Judgment under Fed. R. Civ. P. 60(b), Dolly must show (1) a meritorious defense, (2) lack of prejudice to the non-defaulting party, and (3) a good reason for failing to reply to the complaint. *In re Worldwide Web Sys., Inc. v. Feltman*, 328 F.3d 1291, 1295 (11th Cir. 2003). "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1).

In support of its motion, Dolly argues that it had established adequate procedural safeguards to ensure that any service of process would be appropriately handled by its insurance company. Dolly further contends that the employee who was usually in charge of this process had recently been deployed to Iraq and the new secretary mistakenly or inadvertently violated Dolly's procedures by creating a litigation file and including the Complaint in that file rather than forwarding it on to Dolly's insurance company and that this constitutes excusable neglect. This

3

procedure proved to be inadequate as Dolly did not respond to the complaint or anything else that was filed in this case for over six months. The district court determined, and we agree, that Dolly did not have an adequate procedure for following up with its insurance company to inquire as to whether a complaint had been received and was being pursued.

Our Circuit precedent indicates that "[d]efault that is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a [complaint] is being taken does not constitute default through excusable neglect." *Id.* (citing *Davis v. Safeway Stores, Inc.*, 532 F.2d 489, 490 (5th Cir. 1976)).[1]

Under our precedent, Dolly's failure to respond to the Third-Party Complaint because of a lack of minimum procedural safeguards for responding to complaints in a legal action does not constitute excusable neglect. Finding that the district court did not abuse its discretion in denying Dolly's Motion to Set Aside Default Judgment, we affirm the district court's order.

**AFFIRMED**.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.